# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TREON McKENZIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:19-cv-02046 |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT FILED DOCUMENTS

<u>**Date Received/Filed**</u>

| | | |
|---|---|---|
| 1. | Docket Sheet from Fort County, Texas, 434th Judicial District | n/a |
| 2. | Plaintiff's Original Petition Request for Disclosure and Jury Demand | 12/6/18 |
| 3. | Citation issued to Unum Life Insurance Company of America | 12/10/18 |
| 4. | Request for Process | 4/3/19 |
| 5. | Citation issued to Unum Life Insurance Company of America | 4/9/19 |
| 6. | Officer's Return - Citation issued to Unum Life Insurance Company of America | 5/8/19 |
| 7. | Defendant's Original Answer | 5/28/19 |

Respectfully submitted,


By:  /s/ Dennis M. Lynch
        Dennis M. Lynch
        State Bar No. 90001506
        S.D. No. 23163
        dennis.lynch@figdav.com
        Attorney-in-Charge
        Cameron E. Jean
        State Bar No. 24097883
        S.D. No. 3121462
        cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via the ECF System and by certified mail, return receipt requested, to Mr. Marc Whitehead and Ms. Madison Tate Donaldson, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007, on this the 6th day of June, 2019.


/s/ Dennis M. Lynch
Dennis M. Lynch

**1**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                          Location : Fort Bend   Images Help

# REGISTER OF ACTIONS
## CASE NO. 18-DCV-257545

| | |
|---|---|
| Treon McKenzie v. Unum Life Insurance Company of America | § § § § § |

Case Type: **Contract - Other Contract**
Date Filed: **12/06/2018**
Location: **434th District Court**

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant or Respondent** | **Unum Life Insurance Company of America**<br>Austin, TX 78701-3218 | **Dennis M Lynch**<br>*Retained*<br>214-939-2000(W) |
| **Plaintiff or Petitioner** | **McKenzie, Treon**<br>Houston, TX 77007 | **Marc Stanley Whitehead**<br>*Retained*<br>713-228-8888(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 12/06/2018 | Docket Sheet | |
| 12/06/2018 | Petition     Doc ID# 1 | |
| | *Plaintiff's Original Petition Request for Disclosure and Jury Demand* | |
| 12/10/2018 | Issuance     Doc ID# 2 | |
| | *Citation Issued to Unum Life Insurance Company of America* | |
| 12/10/2018 | Citation | |
| | eService | |
| | Unum Life Insurance Company of America | Unserved |
| 04/03/2019 | Request     Doc ID# 3 | |
| | *Request for Process* | |
| 04/09/2019 | Issuance     Doc ID# 4 | |
| | *Citation Issued to Unum Life Insurance Company of America* | |
| 04/09/2019 | Citation | |
| | E-Service | |
| | Unum Life Insurance Company of America | Served | 05/07/2019 |
| | | Returned | 05/08/2019 |
| 05/08/2019 | Officers Return     Doc ID# 5 | |
| | *Citation Return for Unum Life Insurance Company of America. Served on 05-07-19.* | |
| 05/28/2019 | Answer/Contest/Response/Waiver     Doc ID# 6 | |
| | *Defendant's Original Answer* | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** Unum Life Insurance Company of America | | | |
| | Total Financial Assessment | | | 2.00 |
| | Total Payments and Credits | | | 2.00 |
| | **Balance Due as of 06/05/2019** | | | **0.00** |
| 05/28/2019 | Transaction Assessment | | | 2.00 |
| 05/28/2019 | E-filing | Receipt # 2019-37212-DCLK | Unum Life Insurance Company of America | (2.00) |
| | | | | |
| | **Plaintiff or Petitioner** McKenzie, Treon | | | |
| | Total Financial Assessment | | | 314.00 |
| | Total Payments and Credits | | | 314.00 |
| | **Balance Due as of 06/05/2019** | | | **0.00** |
| 12/07/2018 | Transaction Assessment | | | 302.00 |
| 12/07/2018 | E-filing | Receipt # 2018-79128-DCLK | McKenzie, Treon | (302.00) |
| 04/04/2019 | Transaction Assessment | | | 10.00 |
| 04/04/2019 | E-filing | Receipt # 2019-23971-DCLK | McKenzie, Treon | (10.00) |
| 05/08/2019 | Transaction Assessment | | | 2.00 |
| 05/08/2019 | E-filing | Receipt # 2019-32308-DCLK | McKenzie, Treon | (2.00) |

**2**

Filed
12/6/2018 5:28 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

No.___18-DCV-257545___

| | | |
|---|---|---|
| TREON McKENZIE | § | IN THE DISTRICT COURT |
|   Plaintiff, | § | |
| | § | Fort Bend County - 434th Judicial District Court |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA | § | |
|   Defendant. | § | FT. BEND COUNTY |

## PLAINTIFF'S ORIGINAL PETITION
## REQUEST FOR DISCLOSURE and JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

1.    NOW COMES TREON McKENZIE, hereinafter referred to as "Plaintiff", and brings this action against UNUM LIFE INSURANCE COMPANY OF AMERICA, hereinafter referred to as "Defendant."

2.    Plaintiff brings this action to secure all disability benefits, whether they be described as short term and/or long term, or life waiver of premium benefits to which Plaintiff is entitled under the disability insurance policy underwritten and administered by Defendant.

3.    Defendant has underwritten and administered The Policy and has issued a denial of the benefits claimed under the policy by the Plaintiff.  The Policy at issue can be identified as Policy Number 22814 001 for long term disability and waiver of premium.

## I.  PARTIES

1

4.      Plaintiff is a citizen and resident of Harris County, Texas, however, at the time of her disability, she worked in Ft. Bend County, Texas.

5.      Defendant is a properly organized business entity doing business in the State of Texas.  Defendant may be served with process by serving its registered agent, Corporation Service Company, addressed at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.  JURISDICTION AND VENUE

6.      This is an action for damages for failure to pay benefits under an insurance policy and other related claims over which this court has jurisdiction. Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation is authorized to do business in the State of Texas.

7.      The disability policy at issue in the case was issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.      Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action.  Said policy became effective January 1, 1997.

9.      Plaintiff is a 56 year old woman previously employed as a "Detention Officer-Civilian".

10.     Detention Officer-Civilian is classified under the Dictionary of Occupational Titles as Medium with an SVP of 3 and considered to be semi-skilled work.

11.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on June 21, 2014, as on this date Plaintiff suffered from hypertension, chest pain, joint pain, and palpitations.

12.     Plaintiff alleges that she became disabled on June 22, 2014.

13.     Plaintiff filed for short term disability benefits with Defendant.

14     Short term disability benefits were *granted*.

15.     Plaintiff filed for long term disability and waiver of premium benefits through the Plan administered by the Defendant.

16.     Defendant initially granted Plaintiff's request for long term disability benefits under the Plan.

17.     Subsequently, Defendant denied further long term disability benefits under the Plan pursuant to a letter to Plaintiff dated December 22, 2016.  Said letter allowed Plaintiff 180 days to appeal this decision.

18.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform her "Own Occupation".

19.     If granted the Plan would pay monthly benefits of $1,597.80.

20.     Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

21.     Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendant.

22.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

23.     On December 29, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver

3

of premium benefits.

24.     Defendant also notified Plaintiff on December 29, 2017, that Plaintiff had exhausted her administrative remedies.

25.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

26.     Plaintiff has now exhausted her administrative remedies.

### IV.  MEDICAL FACTS

27.     Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

28.     Plaintiff suffers from systemic lupus erythematosus (SLE), hypertension, tachycardia, angina, shortness of breath, joint pain and stress.

29.     Treating physicians document Plaintiff's disabilities and the continued pain that requires ongoing pain management.

30.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

31.     Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

32.     Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

33.     Physicians have prescribed Plaintiff with multiple medications, including

narcotic pain relievers, in an effort to address her multiple symptoms.

34.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

35.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

36.    Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

37.    The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

38.    As such, Plaintiff has been and remains disabled per the terms of The Policy and has sought disability benefits pursuant to said Policy.

39.    However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

### V. Defendant's Unfair Claims Handling Practices

40.    On or about May 4, 2015 and again on April 9, 2016, Defendant's internal vocational consultant, David Carey, M.Ed., CRC, CDMS, vocational rehabilitation consultant, performed paper reviews of Plaintiff's claim file

41.    On or about June 11, 2015 and again on June 30, 2015, Defendant's internal consultant, Joseph A. Antaki, M.D., internal medicine, performed paper reviews of Plaintiff's claim file.

5

42.     Dr. Antaki's reports are misleading, biased and result driven in that the Dr. Antaki failed to review all relevant medical records, the reports ignore or are contrary to controlling medical authority. The reports fail to specify the medical standard upon which they rely.  The reports are based on faulty or incorrect information.

43.     Further, Dr. Antaki failed to consider all the Plaintiff's illnesses.  He failed to consider all the Plaintiff's illnesses in combination.  The reports are conclusory and results driven, as demonstrated by the fact that the reports cherry-pick the information by overemphasizing information that supports the insurer's position and de-emphasizing information that supports disability and the reports do not consider the standard of disability specified in the Policy.

44.     On or about July 1, 2015 and again on July 10, 2015, Defendant's internal consultant, Joseph Sentef, M.D., MBA, MPH, family medicine, occupational medicine, and public health medicine, performed paper reviews of Plaintiff's claim file.

45.     Dr. Sentef's reports are misleading, biased and result driven in that the Dr. Sentef failed to review all relevant medical records, the reports ignore or are contrary to controlling medical authority.  The reports fail to specify the medical standard upon which they rely.  The reports are based on faulty or incorrect information.

46.     Further, Dr. Sentef failed to consider all the Plaintiff's illnesses.  He failed to consider all the Plaintiff's illnesses in combination.  The reports are conclusory and results driven, as demonstrated by the fact that the reports cherry-pick the information by overemphasizing information that supports the insurer's position and de-emphasizing information that supports disability and the reports do not consider the standard of disability specified in the Policy.

47. On or about August 8, 2016, Defendant's internal consultant, Stephen V. Leverett, DO, DABFM, family medicine, performed a paper review of Plaintiff's claim file.

48.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Leverett.  Defendant in bad faith, relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

49.    Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

50.    Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

51.    Defendant has failed to consider the side effects of Plaintiff's medication.

52.    Defendant's consultants completed their reports without examining Plaintiff.

53.    On December 29, 2017, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability and waiver of premium benefits.

54.    Defendant also notified Plaintiff on December 29, 2017 that Plaintiff had exhausted her administrative remedies.

55.    Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

7

56.     Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period.  Notably, the Social Security Administration's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

57.     Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.  Defendant has unreasonably ignored the Social Security Administration determination that Plaintiff is disabled.

58.     At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

59.      Defendant's determination was influenced by its conflict of interest.

60.     Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

61.   The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

62.   A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

63.     More information promotes accurate claims assessment.

64.     Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

8

65.    Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

66.    Plaintiff repeats and re-alleges paragraphs 1 through 65 of this Petition as if set forth herein.

67.    Plaintiff paid all premiums due and fulfilled all other conditions of the Plan.

68.    Under the terms of the Plan, Defendant is obligated to pay Plaintiff benefits, in full and without reservations of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plan.

69.    In breach of its obligations under the aforementioned Plan, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plan.

70.    Defendant stopped paying benefits to Plaintiff under the Plan, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

71.    Defendant breached the Plan when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plan.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

72.    Plaintiff has complied with all Policy provisions and conditions precedent

9

to qualify for benefits prior to filing suit.

73.     As a result of Defendant's breach, Plaintiff suffered financial hardship.

74.     By reason of the foregoing, Defendant is liable to Plaintiff for damages.

### VII. SECOND CAUSE OF ACTION:

### Violations of Texas Insurance Code & DTPA

75.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-74 of this Petition as if fully set forth herein.

76.     Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)     Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policy;

(b)     Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policy;

(c)     Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in The Policy, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of

10

Plaintiff's claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(d)    Insurance Code Article § 541.061 by misrepresenting The Policy by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e)    Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f)    Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g)    Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h)    Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material

11

duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(i)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in The Policy is contrary to the plain language of The Policy, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)     Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's long term disability benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)     Defendant failed to consider the side effects of Plaintiff's medications;

(s)     Defendant has wrongfully relied on paid expert's opinions as substantial evidence;

(t)     Defendant has wrongfully relied on a reviewing doctor's opinion

12

who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)     Defendant unreasonably ignored Plaintiff's Social Security Administration determination;

(v)     Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(w)     Defendant's objective is to terminate Plaintiff's claim which is contrary to its duty as a fiduciary to act in good faith;

(x)     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(y)     Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

77.     Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

78.     Plaintiff repeats and realleges paragraphs 1 - 77 of this Petition as if set forth herein.

79.     By selling the insurance policy to Plaintiff and by collecting substantial premiums therefore, Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

80.     The Plan contains an implied promise that it would deal fairly and in good

13

faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits und the Plan.

81.　Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)　By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)　By interpreting ambiguous Plan provisions against Plaintiff and in favor of its own financial interests;

(c)　By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)　By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations from Plaintiff's treating physician;

(d)　By misrepresenting Plan coverage, conditions, exclusions, and other provisions;

(f)　By interpreting the definition of disability contained in the Plan contrary to the plain language of the Policy and in an unreasonable, arbitrary, and capricious manner;

(g)　By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)　By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plan.

14

82.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional duress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

83.    The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

84.    Defendant's actions directed at Plaintiff are part of a pattern of similar conduct directed at the public generally.

85.    Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

86.    Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

87.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

88.    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 - 87 of this Petition as if fully set forth herein.

89.    Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Plaintiff, who

15

relied on those representations, thereby causing injury and damage to Plaintiff.

## X.  FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

90.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1 - 89 of this Petition as if fully set forth herein.

91.     Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542.055 (a)(2)-(3).

92.     Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements, and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

93.     Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

94.     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1- 93 of this Petition as if fully set forth herein.

95.     Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII.  CAUSATION

96.     The conduct described in this Petition was a producing and proximate

16

cause of damages to Plaintiff.

## XIII.  DECLARATORY RELIEF

97.     Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code.  Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policy.  TEX. CIV. PRACT. & REM. CODE § 37.001.

98.     The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term disability benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's condition does not meet The Policy's definition of "disabled".

99.     The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et. seq. of the Texas Civil Practice and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV.  ATTORNEYS FEES

100.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under §37.009 of the Texas Civil Practices and

Remedies Code, §38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV.  REQUEST FOR DISCLOSURE

101.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI.  JURY DEMAND

102.   In accordance with Texas Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

103    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

104.   Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

105.   As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

106.   Plaintiff is entitled under law to the recovery of prejudgment interest at the

18

maximum legal rate.

107.   Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

108.   Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

109.   Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practice & Remedies Code section 38.001, Texas Insurance Code section 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practice & Remedies Code section 37.009.

## XIX.  PRAYER

110.   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due short term and long term disability benefits and waiver of premiums benefits yet unpaid under the terms of the Plan, and that Defendant be ordered to pay all future short term and long term disability benefits and waiver of premium benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plan.

111.   Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorney fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and;

112.   Enter an award for such other relief as may be just and appropriate.

Dated: 12/6/18

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.


By:      /s/ Marc Whitehead
            Marc S. Whitehead
                Tex. Bar No. 00785238
                Fed. I.D. Bar No. 15465
                marc@marcwhitehead.com
            Madison Tate Donaldson
                Tex. Bar No. 24105812
                Fed. I.D. No. 3151467
                madison@marcwhitehead.com
            5300 Memorial Drive, Suite 725
            Houston, Texas 77007
            Telephone: 713-228-8888
            Facsimile: 713-225-0940
            ATTORNEY-IN-CHARGE
            FOR PLAINTIFF,
            TREON McKENZIE

**3**

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS**

**CITATION**

TO:     **UNUM LIFE INSURANCE COMPANY OF AMERICA**
        **REGISTERED AGENT CORPORATION SERVICE COMPANY**
        **211 EAST 7TH STREET SUTE 620**
        **AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and   **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** filed on **December 06, 2018,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **18-DCV-257545**  and is styled:

**TREON MCKENZIE V. UNUM LIFE INSURANCE COMPANY OF AMERICA**

The name and address of the attorney for **PLAINTIFF** is:

**MARC WHITEHEAD**
**MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW LLP**
**5300 MEMORIAL DRIVE SUITE 725**
**HOUSTON TX  77007**
**713-228-8888**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** of the  accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 10th day of December, 2018.**

                          **ANNIE REBECCA ELLIOTT, DISTRICT CLERK**
                          **FORT BEND COUNTY, TEXAS**
                          Physical Address:
                          1422 Eugene Heimann Circle, Room 31004
                          Richmond, Texas 77469
                          Mailing Address:
                          301 Jackson Street
                          Richmond, Texas 77469

                          By: _____
                          Deputy District Clerk **MICHELE OLGUIN**
                          Telephone: **(281) 341-4502**

18-DCV-257545                                     **434th Judicial District Court**
**Treon McKenzie v. Unum Life Insurance Company of America**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                         (First, Middle, Last)

my date of birth is_____, and my address is _____,
                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

Citation (Original Petition) issued to Unum Life Insurance Company of America on 12/10/2018.

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**      THE STATE OF TEXAS

CITATION

TO:    UNUM LIFE INSURANCE COMPANY OF AMERICA
       REGISTERED AGENT CORPORATION SERVICE COMPANY
       211 EAST 7TH STREET SUTE 620
       AUSTIN TX  78701-3218

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND**  filed on **December 06, 2018,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **18-DCV-257545**  and is styled:

**TREON MCKENZIE V. UNUM LIFE INSURANCE COMPANY OF AMERICA**

The name and address of the attorney for **PLAINTIFF** is:

**MARC WHITEHEAD**
**MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW LLP**
**5300 MEMORIAL DRIVE SUITE 725**
**HOUSTON TX  77007**
**713-228-8888**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** of the  accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 10th day of December, 2018.**

                              **ANNIE REBECCA ELLIOTT, DISTRICT CLERK**
                              **FORT BEND COUNTY, TEXAS**
                              Physical Address:
                              1422 Eugene Heimann Circle, Room 31004
                              Richmond, Texas 77469
                              Mailing Address:
                              301 Jackson Street
                              Richmond, Texas 77469


                              By: _____
                              Deputy District Clerk **MICHELE OLGUIN**
                              Telephone: **(281) 341-4502**

18-DCV-257545                                          **434th Judicial District Court**
**Treon McKenzie v. Unum Life Insurance Company of America**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock _____M.

Executed at _____, within the County of __

_____, at _____o'clock ____M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                           (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                          (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

**4**

Filed
4/3/2019 4:09 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Shelby Taylor



# BEVERLEY MCGREW WALKER
## Fort Bend County District Clerk
## 301 Jackson, Richmond, TX 77469

Telephone: (281) 341-4509
Fax: (281) 341-4519

# REQUEST FOR PROCESS
### All sections __must__ be completed for processing this request.

**Section 1:**

Cause No.: 18-DCV-2757545 18-DCV-257545

STYLE: McKenzie _____ VS UNUM Life _____

**Section 2:**

## Check Process Type:

- [✓] Citation
- [ ] Precept to Serve / Notice of Hearing
- [ ] Citation by Posting
- [ ] Citation by Commissioner of Insurance
- [ ] Temporary Restraining Order
- [ ] Notice of Registration of Foreign Judgment
- [ ] Citation by Secretary of State
- [ ] Writ of _____
- [ ] Application for Protective Order / Temporary (Ex Parte) Protective Order
- [ ] Citation by Publication*:
  - [ ] **Daily**: Fort Bend Herald   [ ] **Once a Week**: Fort Bend Independent
  - [ ] **Other**: _____
  - \* In Accordance with the Fort Bend County Term Contract for Newspaper Publication of Legal Notices
- [ ] Other _____

**REQUEST FOR ISSUANCE OF SUBPOENA MUST BE SUBMITTED ON A SUBPOENA APPLICATION FORM**

**Section 3:**

## Title of Document/Pleading to be attached for service: Plaintiff's Original Petition

_____

_____

**Section 4: PARTIES TO BE SERVED** (Please type or print):

1. Name: Unum Life Insurance c/o Corporation Service Company

   Address: 211 East 7th Street, Suite 620

   City: Austin                State: Texas                Zip: 78701-3218

2. Name: _____

   Address: _____

   City: _____     State: _____     Zip: _____

3. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

4. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

5. Name:_____

   Address: _____

   City:_____ State:_____ Zip:_____

**Section 5**

## Check Service Type – Additional Fees Apply:

☐   Fort Bend County – Constable*        ☐   Fort Bend County – Sheriff*

☐   Certified Mail                      ☐   Registered Mail (Out of Country)

* Fort Bend County Constable and Sheriff will <u>only</u> serve within their jurisdiction.

**Section 6 (<u>ONLY</u> if Section 7 does not apply)**

**Please Note:  Our office will use the e-Service email address registered with the Texas State Bar.**

## Attorney Name: Marc Whitehead

Address: 403 Heights Boulevard
_____
Street/P.O. Box

Houston _____ Texas _____ 77007
City                          State                         Zip

Telephone No. 713-228-8888 _____ Bar No. 00785238
00785238

**Section 7 (<u>ONLY</u> if Section 6 does not apply)**

## Pro-Se Name:_____

Address:_____
Street/P.O. Box

_____ _____ _____
City                          State                         Zip

Telephone No._____ Email Address _____

## Pro-se Service Only:

☐ e-Service*        ☐ Mail to Pro-se Party*        ☐ Hold for Pick up

*Service will be mailed/emailed directly to pro-se party requesting issuance.

**5**

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

TO:    **UNUM LIFE INSURANCE COMPANY OF AMERICA**
**C/O CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** filed on **December 06, 2018,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **18-DCV-257545** and is styled:

**TREON MCKENZIE V. UNUM LIFE INSURANCE COMPANY OF AMERICA**

The name and address of the attorney for **PLAINTIFF** is:

**MARC STANLEY WHITEHEAD**
**MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW LLP**
**5300 MEMORIAL DRIVE SUITE 725**
**HOUSTON TX  77007**
**713-228-8888**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of April, 2019.**

               **DISTRICT CLERK BEVERLEY MCGREW WALKER**
               **FORT BEND COUNTY, TEXAS**
               Physical Address:
               1422 Eugene Heimann Circle, Room 31004
               Richmond, Texas 77469
               Mailing Address:
               301 Jackson
               Richmond, Texas 77469

By: *Erica Rodriguez*
        Deputy District Clerk **ERICA RODRIGUEZ**
        Telephone: **(281) 633-7612**

**ORIGINAL**

18-DCV-257545                       **434th Judicial District Court**
**Treon McKenzie v. Unum Life Insurance Company of America**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                     (First, Middle, Last)

my date of birth is_____, and my address is _____
                                         (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to Unum Life Insurance Company of America on 4/9/2019.

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**   THE STATE OF TEXAS

CITATION

TO:     UNUM LIFE INSURANCE COMPANY OF AMERICA
        C/O CORPORATION SERVICE COMPANY
        211 EAST 7TH STREET SUITE 620
        AUSTIN TX  78701-3218

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** filed on **December 06, 2018,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **18-DCV-257545** and is styled:

**TREON MCKENZIE V. UNUM LIFE INSURANCE COMPANY OF AMERICA**

The name and address of the attorney for **PLAINTIFF** is:

**MARC STANLEY WHITEHEAD
MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW LLP
5300 MEMORIAL DRIVE SUITE 725
HOUSTON TX  77007
713-228-8888**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of April, 2019.**

                    **DISTRICT CLERK BEVERLEY MCGREW WALKER
                    FORT BEND COUNTY, TEXAS**
                    Physical Address:
                    1422 Eugene Heimann Circle, Room 31004
                    Richmond, Texas 77469
                    Mailing Address:
                    301 Jackson
                    Richmond, Texas 77469


            By: _Erica Rodriguez_
                    Deputy District Clerk **ERICA RODRIGUEZ**
                    Telephone: **(281) 633-7612**

**SERVICE**

18-DCV-257545                                          **434th Judicial District Court**
**Treon McKenzie v. Unum Life Insurance Company of America**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M* on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                           (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                                        (Street, City, Zip)

_____,"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

**6**

Filed
5/8/2019 1:35 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Erica Rodriguez

# 434th district court of fort bend county, Texas
301 JACKSON STREET RICHMOND TX 77469

## CASE #: 18-DCV-257545

MCKENZIE, TREON

*Plaintiff*
**vs**
**UNUM LIFE INSURANCE COMPANY OF AMERICA**

*Defendant*

### AFFIDAVIT OF SERVICE

I, **JAMES R HENDERSON**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 05/07/19 11:20 am, instructing for same to be delivered upon Unum Life Insurance
Company Of America C/O Corporation Service Company.

| | |
|---|---|
| That I delivered to | : Unum Life Insurance Company Of America C/O Corporation Service Company. By Delivering to Adam Ways, Authorized To Accept |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND |
| at this address | : 211 East 7th Street Ste 620 Austin, Travis County, TX 78701 |
| Manner of Delivery | : By PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : Tuesday May 7, 2019 12:05 pm |

My name is JAMES R HENDERSON, my date of birth is ████████████, and my address
is Professional Civil Process Downtown, 2211 S. IH 35, Suite 105, Austin TX 78741,
and U.S.A.  I declare under penalty of perjury that the foregoing is true and
correct.

Executed in Travis County, State of Texas, on the _____ 7 _____ day of
_MAY_____, 20_19_.

JAMES R HENDERSON                                            Declarant
2732

Texas Certification#: PSC-12091 Exp. 06/30/2019

PCP Inv#: Z19500065
SO  Inv#: A19500701

AX02A19500701

roberth
eaffidavits@pcpusa.net

+ Service Fee:  75.00
  Witness Fee:   .00
  Mileage Fee:   .00

Whitehead, Marc

**E-FILE RETURN**

**SERVICE FEE NOT COLLECTED**
**BY DISTRICT CLERK**

### THE STATE OF TEXAS

### CITATION

TO:   **UNUM LIFE INSURANCE COMPANY OF AMERICA**
      **C/O CORPORATION SERVICE COMPANY**
      **211 EAST 7TH STREET SUITE 620**
      **AUSTIN TX  78701-3218**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** filed on **December 06, 2018,** a default judgment may be taken against you.

The case is presently pending before the **434TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **18-DCV-257545** and is styled:

**TREON MCKENZIE V. UNUM LIFE INSURANCE COMPANY OF AMERICA**

The name and address of the attorney for **PLAINTIFF** is:

**MARC STANLEY WHITEHEAD**
**MARC WHITEHEAD & ASSOCIATES ATTORNEYS AT LAW LLP**
**5300 MEMORIAL DRIVE SUITE 725**
**HOUSTON TX  77007**
**713-228-8888**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE AND JURY DEMAND** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 9th day of April, 2019.**

> **DISTRICT CLERK BEVERLEY MCGREW WALKER**
> **FORT BEND COUNTY, TEXAS**
> Physical Address:
> 1422 Eugene Heimann Circle, Room 31004
> Richmond, Texas 77469
> Mailing Address:
> 301 Jackson
> Richmond, Texas 77469
>
> By:  _Erica Rodriguez_
>      Deputy District Clerk **ERICA RODRIGUEZ**
>      Telephone: **(281) 633-7612**

**ORIGINAL**

18-DCV-257545                                    **434th Judicial District Court**
Treon McKenzie v. Unum Life Insurance Company of America

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____ o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                              (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                              (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**

Citation (Original Petition) issued to Unum Life Insurance Company of America on 4/9/2019.

7

Filed
5/28/2019 11:26 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Erica Rodriguez

## CAUSE NO. 18-DCV-257545

| | | |
|---|---|---|
| TREON McKENZIE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| UNUM LIFE INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| | § | |
| Defendant. | § | 434TH JUDICIAL DISTRICT |

## **DEFENDANT'S ORIGINAL ANSWER**

Defendant Unum Life Insurance Company of America ("Defendant") submits this original answer to Plaintiff's Original Petition, Request for Disclosure and Jury Demand (the "Petition") and states:

## **GENERAL DENIAL**

Subject to such admissions and stipulations as may be made at the time of any trial or hearing in this cause, Defendant denies generally and specially the material allegations contained in the Petition, and any amendments or supplements thereto, and demands strict proof thereof in accordance with the requirements of the laws of Texas.

## **RELIEF REQUESTED**

Defendant respectfully requests the following relief:

a.    that Plaintiff take nothing by reason of her suit;

b.    that Plaintiff's claims be dismissed with prejudice and  Defendant recover its costs of court; and

c.    that Defendant have all such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,


By:   /s/ Dennis M. Lynch
                Dennis M. Lynch
                State Bar No. 90001506
                dennis.lynch@figdav.com
                Cameron E. Jean
                State Bar No. 24097883
                cameron.jean@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
UNUM LIFE INSURANCE COMPANY
OF AMERICA


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via efile.txcourts.gov on the following:  Mr. Marc Whitehead, Ms. Madison Tate Donaldson, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007, on this the 28th day of May, 2019.


/s/ Dennis M. Lynch
Dennis M. Lynch